## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED PLASTIC MOLDERS, INC.** **Plaintiff** | **CASE ACTION NO.:** |
| **v.** | **DIVISION " "** **JUDGE** |
| **MYSTERY TACKLE BOX, Inc., (d/b/a "Catch Co.", "Karl's Bait and Tackle"), And** **HOUSE OF OUTDOORS, Inc.,** **Defendants** | **SECTION " "** **MAGISTRATE JUDGE** |

## <u>COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, UNFAIR COMPETITION, AND LOUISIANA STATE CAUSES OF ACTION</u>

Plaintiff United Plastic Molders, Inc. submits this Complaint against Defendants Mystery Tackle Box, Inc., (d/b/a Catch Co,) and House of Outdoors, Inc.

## PARTIES

1.     United Plastic Molders, Inc ("UPM") is a Mississippi corporation with its principal place of business in Jackson, Mississippi.

2.     Defendant Mystery Tackle Box, Inc. d/b/a "Catch Co." and "Karl's Bait & Tackle" ("Mystery", "MTB") is an Illinois corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 20 North Upper Wacker Drive, Suite 1200, Chicago, IL 60606.

3.     Defendant House of Outdoors, Inc. ("House", "HOO") is a Texas corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 5757 Main St., Suite 207 Frisco, TX 75034.

## INTRODUCTION

For more than twenty-two (22) years, UPM has sold in the United States and throughout the world fish pliers under its federally registered THE FISH GRIP trademark. UPM's fish pliers are easily identifiable by their unique trade dress, consisting of a heart-shaped opening that forms when the fish pliers are closed.  The United States Patent and Trademark Office has granted UPM two (2) federal registrations for its trade dress. UPM's federally registered trade dress has gained a reputation as being a source of high-quality fish pliers.  UPM's success has attracted competitors who sell counterfeits of UPM's products hoping to profit off the hard-earned goodwill of UPM. UPM brings this lawsuit to protect the substantial goodwill that it has developed over twenty-two (22) in its distinctive heart-shaped opening fish pliers trade dress.

The goodwill and reputation for quality that UPM has worked to cultivate is being threatened by Defendants' actions. Despite being put on notice of UMP's federally registered trade dress, defendants continue to market and sell fish pliers with a heart-shaped opening that is confusingly similar to UPM's federally registered trademark.  Defendants marketing and sales of these counterfeit goods are directed to many of the same consumers served by UPM. Unless defendants are enjoined from marketing, advertising and selling their fish pliers with an infringing heart-shaped opening, such actions will continue to cause consumer confusion and will cause irreparable harm to UPM.

This action seeks injunctive relief, damages, and other appropriate relief arising from defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4.     This is an action for federal trademark infringement, trademark counterfeiting, unfair competition, and false designation of origin, under the Lanham Act, 15 U.S.C. § 1051 et

seq., unfair trade practices, under LA. REV. STAT. § 51:1401 et seq., including unfair competition, and unfair or deceptive acts or practices in the conduct of trade and commerce, under LA. REV. STAT. § 51:1405(A).

5.      This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 (actions arising under the Lanham Act); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to trademarks, and unfair competition claims joined therewith); and, 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) as Defendants transact business in this district and a substantial part of the events giving rise to UPM's claims occurred and are continuing to occur in this district.

7.      This Court has personal jurisdiction over Defendant Mystery. Defendant Mystery's acts of infringement of UPM's registered trade dress were committed in the Eastern District of Louisiana, within the jurisdiction of this Court. Defendant Mystery has advertised its infringing goods online through major retailers (*e.g.*, Academy.com, Amazon.com, Dickssportinggoods.com, etc.) and in local retail locations (*e.g.* Academy Sports + Outdoors and Dick's Sporting Goods) under the infringing marks in this state. *See* Exhibits 1, 2.  Defendant Mystery has transacted business in this state by selling its goods in retail stores (*e.g.* Academy Sports + Outdoors and Dick's Sporting Goods) within the Eastern District of Louisiana that offer its products to the public under the infringing mark. *See* Exhibit 1. Defendant Mystery has also transacted business within the Eastern District of Louisiana by delivering infringing goods purchased through major retail websites (*e.g.* Academy.com, Amazon.com, Dickssportinggoods.com, etc.) and through Defendant Mystery's own websites, shopkarls.com, to locations within the Eastern District of Louisiana. *See* Exhibits 1-4. Defendant Mystery has engaged in substantial activity within

Louisiana and this judicial district and has had substantial contacts therein, having purposefully availed itself of the privilege of conducting activities in the forum. Defendant Mystery has caused injury to UPM within Louisiana and within this judicial district.

8.    This Court has personal jurisdiction over Defendant House. Upon information and belief, House of Outdoors has licensed its "Googan Squad" mark, a mark affixed to the infringing fish pliers with a heart-shaped opening, to Defendant Mystery. *See* Exhibit 5. Upon information and belief, pursuant to the license agreement between Defendant House and Defendant Mystery, Defendant House has the right and the ability to control Defendant Mystery and derives direct financial benefit from Mystery's infringement. Defendant House is therefore vicariously liable for the infringement that takes place in the Eastern District of Louisiana.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**UPM's Patent Rights**

10.    On July 10, 2001, U.S. Patent No. 6,256,923 ("the '923 Patent"), titled "Fish Handling Pliers", was issued to named inventor Don S. Norton and assigned to UPM. A true and correct copy of the '923 Patent is attached to this Complaint as Exhibit 6. The '923 patent issued from Application No. 09/512,795, filed on February 25, 2000. *See Id.* The '923 patent relates to "fish gripping and handling tools. More specifically, the present invention relates to pliers which are especially adapted to grip the lower lip of a fish." Complaint, Ex. 6 ('923 Patent) at 1:4-7. The '923 patent has a total of 11 claims.

11.    The '923 Patent is generally directed towards fish handling pliers with certain improvements that make them more effective.

12.    The invention disclosed in the '923 patent includes a tongue and groove in the mouth of the pliers to limit lateral motion that could cause damage to the fish's lip as well as a

"stop boss" located between the upper and lower handle sections which limits the range of motion of the jaws beyond the open and closed positions. *See* Exhibit 6 ('923 Patent) at 1:30-34; 3:38-50. An embodiment of the invention is shown in Figure 1 below:



13.     UPM owns the entire right, title and interest in and to the '923 Patent, as evidenced by the assignment recorded with the United States Patent and Trademark Office (USPTO) on or about May 18, 2000 and assigned Reel/Frame designation 010797/0411.

14.     At all times relevant hereto, UPM's fish handling pliers were properly marked as manufactured in accordance with the '923 Patent, as required by 35 U.S.C. § 287.

15.     UPM's patent marking gave notice to the public that UPM's fish handling pliers were patented.

16.     Although the '923 Patent expired, at no time has UPM licensed its rights under the '923 Patent to the Defendants.

### UPM's Trademark and Trade Dress Rights

17.     UPM has used the unique design of its fish handling pliers in commerce since at least April 1, 2001.

18.     UPM's The Fish Grip® device, pictured below, is a handheld device that holds the mouth of a fish to facilitate its landing, weighing, and release.



19.     UPM is the owner of a federal trademark registration for the "heart shaped opening" trade dress of its fish handling pliers, registered on the Principal Register, under U.S. Trademark Reg. No. 4,980,923 ("the '923 Mark"), for "sport fishing accessory, namely, a device which holds the lip of a fish caught by an angler for ease of landing, weighing and release" in International Class 28. *See* Exhibit 7. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. It is a trade dress consisting of an opening in fish-handling pliers as shown in solid lines below:

# United States Patent and Trademark Office



20.     This registration is valid and subsisting and remains in full force and effect. Copies of this registration and a current status printout of the USPTO Trademark Status and Document Retrieval ("TSDR") for the registration is attached as Exhibit 8.

21.     The shape of the '923 Mark is a non-functional, ornamental feature that identifies and distinguishes UPM's products.

22.     UPM is also the owner of a federal trademark registration, registered on the Principal Register, for a "stylized gripper with heart shaped opening," under U.S. Trademark Reg. No. 5,435,944 ("the '944 Mark"), for "sport fishing accessory, namely, a feature of a sport fishing device which holds the lip of a fish caught by an angler for ease of landing, weighing and release" in International Class 28. *See* Exhibit 9. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. It is UPM's trade dress as shown below:

# United States Patent and Trademark Office



23.     This registration is valid and subsisting and remains in full force and effect. Copies of this registration and a current status printout of the USPTO Trademark Status and Document Retrieval ("TSDR") for the registration is attached as Exhibit 10.

24.     The shape of the '944 Mark is a non-functional, ornamental design that identifies and distinguishes UPM's products.

25.      At no time has UPM licensed or otherwise authorized any of the defendants to use any of UPM's trade dress designs.

26.     UPM's goods are sold in sporting goods stores throughout the United States as well as on its website, http://www.thefishgrip.net/, and UPM has a significant number of followers on social media.

27.     UPM has invested substantial time, effort, and financial resources promoting its fish pliers with the heart-shaped opening trade dress. The stylized pliers with a heart-shaped opening trade dress has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of UPM, its quality products, and its goodwill. The consumer public recognizes fish pliers with a heart-shaped opening and associates

it with UPM. UPM's heart-shaped opening trade dress is inherently distinctive as a trade dress for fish pliers.

### ITC Exclusion Order

28.    On or about June 21, 2019, UPM filed a complaint with the U.S. International Trade Commission (ITC) under Section 337 of the Tariff Act of 1930 alleging violations under Section 337 based upon importation into the United States, the sale for importation, and the sale within the United States after importation, of certain fish-handling pliers (and packaging thereof) which infringed the '923 Patent, the '923 Mark, and the '944 Mark. A copy of UPM's ITC complaint is attached hereto as Exhibit 11.

29.    On July 24, 2019, the ITC issued a Notice of Institution of Investigation indicating the ITC had voted to institute an investigation into the activities outlined in UPM's complaint. *See* ITC Investigation No. 337-TA-1169 (hereinafter, "the ITC Proceeding"). A copy of said Notice is attached hereto as Exhibit 12.

30.    After conducting its investigation, the ITC issued a General Exclusion Order on August 10, 2020, wherein importation of infringing fish-handling pliers was excluded. A copy of the ITC's General Exclusion Order is attached hereto as Exhibit 13 ("the ITC Exclusion Order").

31.    The infringing fish pliers with heart-shaped openings sold by Defendant Mystery have been imported according to Dick's Sporting Goods website. *See* Exhibit 1.

### COUNT I

### (Federal Trade Dress Infringement Under 15 U.S.C. § 1114)
### (Asserted Against Defendant Mystery)

32.    Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 31 as if set forth fully herein.

33.     This Count, arising under Section 32 of the Lanham Act, 15 U.S.C. §1114, is for infringement of a federally registered trade dress.

34.     Notwithstanding UPM's established rights in the heart-shaped opening trade dress, Defendant Mystery adopted and used a confusingly similar trade dress in interstate commerce in connection with the sale and offering for sale of a digital scale with attached fish pliers having a heart shaped opening.

35.     Defendant Mystery sells its digital scale with attached fish pliers having a heart shaped opening design at some of the same sporting good retail stores (*e.g.* Academy Sports + Outdoors, Dick's Sporting Goods) and websites (*e.g.* Academy.com, dickssportinggoods.com, Amazon.com) that also sell UPM's stylized fish pliers with a heart-shaped opening. *See* Exhibits 1-2. Defendant Mystery also sells its digital scale with attached fish pliers having a heart-shaped opening  at its website, https://shopkarls.com/. *See* Exhibit 3.

36.     The relevant portion of Defendant Mystery's infringing product as it appears in its online listings, such as at shopkarls.com, Academy.com, Amazon.com and Dickssportinggoods.com is depicted below (See also Exhibit 1 and 5; Website visited on 4/13/2023):



37.     The infringing product sold and offered for sale by Defendant Mystery is confusingly similar to, and as such, is an imitation of, the trade dress embodied in UPM's fish handling pliers design and the '923 Registration and the '944 Registration. *See* Exhibits 2, 5, 7 and 9.

38.     Without UPM's consent, Defendant Mystery has used UPM's federally registered trade dress and continues to market, distribute, offer to sell, advertise and sell the infringing product.

39.     UPM has requested in writing that Defendant Mystery stop its infringing actions, but Defendant Mystery has failed to comply. UPM's letters to Defendant Mystery are attached as UPM's Exhibit 14.

40.     Defendant Mystery has engaged in infringing activity despite having constructive notice of UPM's federal registration rights under 15 U.S.C. § 1072 and despite having actual knowledge of UPM's trademark rights in ~~use of~~ the fish pliers with a heart-shaped opening trade dress. *See* Exhibit 8.

41.     Defendant's actions are likely to mislead the public into concluding that their goods originate with or are authorized by UPM, which will damage both UPM and the public. UPM has no control over the quality of goods sold by Mystery and because of the source confusion caused by Mystery, UPM has lost control over its valuable goodwill.

42.     Upon information and belief, Mystery has advertised and offered its product for sale with the intention of misleading, deceiving, or confusing consumers as to the origin of its product and of trading on UPM's reputation and goodwill. Defendant's marketing, distribution, advertisement and sale of a product confusingly similar to UPM's fish pliers with a heart-shaped opening trademark constitutes willful, deliberate, and intentional trademark infringement.

43.     Defendant Mystery's unauthorized marketing, distribution, advertisement and sale of a product confusingly similar to UPM's trademarked fish pliers with a heart-shaped opening in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

44.     As a direct and proximate result of defendant's trademark infringement, UPM has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Mystery has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

45.     Defendant's acts of infringement will cause further irreparable injury to UPM if defendant is not restrained by this Court from further violation of UPM's rights. UPM has no adequate remedy at law.

## COUNT II

### (Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)) (Asserted Against Defendant Mystery)

46.     UPM repeats and reasserts the allegations set forth in Paragraphs 1 to 45 as if set forth fully herein.

47.     As its second ground for relief, UPM alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Defendant Mystery's unauthorized marketing and sale of its digital scale with attached pliers having a heart shaped opening in interstate commerce constitutes  false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with UPM and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendant Mystery as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

49.     Defendant Mystery's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

50.     As a direct and proximate result of Defendant Mystery's unfair competition, UPM has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

51.     Defendant Mystery's acts of unfair competition will cause further irreparable injury to UPM if Defendant is not restrained by this Court from further violation of UPM's rights. UPM has no adequate remedy at law.

## COUNT III

### (Unfair Trade Practices Under La. R.S. § 51:1401 et seq)
### (Asserted Against Defendant Mystery)

52.     UPM repeats and re-alleges the allegations of paragraphs 1 through 51, as though fully set forth below.

53.     Defendant Mystery's aforesaid activities constitute  unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of La. Rev. Stat. § 51:1405, and result in UPM's irreparable harm.

54.     Pursuant to La. Rev. Stat. § 51:1409, UPM is entitled to recover from Defendant Mystery all actual and treble damages sustained by UPM as a result of Defendant Mystery's aforesaid acts. UPM is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

55.     Unless enjoined, Mystery's unfair methods of competition, and unfair and deceptive acts and practices, will cause UPM further irreparable harm, and UPM is entitled to injunctive relief, pursuant to, inter alia, La. Rev. Stat. §§ 51:1407 and 51:1408.

## COUNT IV

**(Injury to Business Reputation and Trademark Dilution Under La. R.S. § 51:223.1)**
**(Asserted Against Defendant Mystery)**

56.     UPM repeats and reasserts the allegations set forth in Paragraphs 1 to 55 as if set forth fully herein.

57.     Defendant Mystery's use of the confusingly similar and infringing fish pliers with a heart-shaped opening trade dress, under the circumstances described above, has injured, or is likely to injure, UPM's business reputation, and has diluted, or will dilute, the distinctive character of UPM's fish handling pliers design, through blurring and/or tarnishment, in violation of La. Rev. Stat. § 51:223.1, and to UPM's irreparable harm, notwithstanding the presence or absence of confusion as to the source of Defendant Mystery's goods or services.

58.     Unless enjoined, Defendant Mystery's aforesaid conduct will cause UPM further irreparable harm, and UPM is entitled to damages and injunctive relief pursuant to La. Rev. Stat. § 51:223.1.

## COUNT V

**(Vicarious Liability for Federal Trade Dress Infringement Under 15 U.S.C. § 1114)**
**(Asserted Against Defendant House)**

59.     Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 58 as if set forth fully herein.

60.     This Count, arising under Section 32 of the Lanham Act, 15 U.S.C. §1114, is for vicarious liability of infringement of a federally registered trademark.

61.     Upon information and belief, House of Outdoors has licensed its "Googan Squad" mark, a mark affixed to the infringing fish pliers with a heart-shaped opening (See Exhibit 5), to

Defendant Mystery. Upon information and belief, pursuant to the license agreement between Defendant House and Defendant Mystery, Defendant House has the right and the ability to control Defendant Mystery and derives direct financial benefit from Mystery's infringement. Defendant House is therefore vicariously liable for the Federal Trade Dress Infringement as described in this section.

62.    Notwithstanding UPM's established rights in the trademark fish pliers with a heart-shaped opening, upon information and belief, Defendant House's licensee and distributor, Defendant Mystery, adopted and used the confusingly similar product in interstate commerce in connection with the sale and offering for sale of a digital scale with attached pliers having a heart shaped opening and bearing the "Googan Squad" mark since at least approximately May, 2022. Upon information and belief, Defendant House has profited from the use of their "Googan Squad" -marked goods  in connection with this infringing activity.

63.    Defendant House's licensee and distributor, Defendant Mystery, sells their digital scale with attached pliers having a heart shaped opening at some of the same sporting good retail stores (*e.g.* Academy Sports + Outdoors, Dick's Sporting Goods) and websites (*e.g.* Academy.com, dickssportinggoods.com, Amazon.com) that also stock UPM's stylized pliers with a heart-shaped opening. *See* Exhibits 1-2. Defendant House's licensee and distributor, Defendant Mystery, also sells its digital scale with attached pliers having a heart shaped opening at its website, https://shopkarls.com/. *See* Exhibit 3.

64.    The infringing product sold and offered for sale by Defendant House's licensee and distributor, Defendant Mystery, is confusingly similar to, and as such, is an imitation of, the trade dress embodied in UPM's fish handling pliers design and the '923 Registration and the '944 Registration. See Exhibits 2, 5, 7 and 9.

65.     Without UPM's consent, Defendant House's licensee and distributor, Defendant Mystery, has used and continue to market, distribute, offer to sell, advertise and sell the infringing product.

66.     UPM has requested in writing that Defendant Mystery and Defendant House stop the infringing activity, but defendants have failed to comply. UPM's letters to Defendant Mystery is attached as UPM's Exhibit, 14. UPM's letters to Defendant House is attached as UPM's Exhibit 15.

67.     Defendant House's licensee and distributor, Defendant Mystery, has engaged in infringing activity despite having constructive notice of UPM's federal registration rights under 15 U.S.C. § 1072 and despite having actual knowledge of UPM's trademark rights in the fish pliers with a heart-shaped opening mark. *See* Exhibit 14.

68.     Defendant House has remained complacent in and benefited from the infringing activity of its licensee, Defendant Mystery, despite having constructive notice of UPM's federal registration rights under 15 U.S.C. § 1072 and despite having actual knowledge of UPM's trademark rights in the fish pliers with a heart-shaped opening mark. *See* Exhibit 15.

69.     Defendant House's licensee and distributor, Defendant Mystery's, actions are likely to mislead the public into concluding that their goods originate with or are authorized by UPM, which will damage both UPM and the public. UPM has no control over the quality of goods sold by the defendant and because of the source confusion caused by the defendant, UPM has lost control over its valuable goodwill.

70.     Upon information and belief, Defendant House and its licensee and distributor, Defendant Mystery, have advertised and offered their product for sale with the intention of misleading, deceiving, or confusing consumers as to the origin of its product and of trading on

UPM's reputation and goodwill. Defendant House's licensee and distributor, Defendant Mystery's, marketing, distribution, advertisement and sale of a product confusingly similar to UPM's fish pliers with a heart-shaped opening trademark constitutes willful, deliberate, and intentional trademark infringement.

71.    Defendant House's licensee and distributor, Defendant Mystery's, unauthorized marketing, distribution, advertisement and sale of a product confusingly similar to UPM's trademarked fish pliers with a heart-shaped opening in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

72.    As a direct and proximate result of Defendant House's licensee and distributor, Defendant Mystery's trademark infringement, UPM has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant Mystery and Defendant House have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

73.    Defendant Mystery's acts of infringement, which Defendant House is vicariously liable for, will cause further irreparable injury to UPM if defendant is not restrained by this Court from further violation of UPM's rights. UPM has no adequate remedy at law.

**COUNT VI**

**(Vicarious Liability for Federal Unfair Competition and False Designation Under 15 U.S.C. § 1125(a))**
**(Asserted Against Defendant House)**

74.    UPM repeats and reasserts the allegations set forth in Paragraphs 1 to 73 as if set forth fully herein.

75.    This Count, arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), is

for vicarious liability of infringement of federal unfair competition.

76.     Upon information and belief, House of Outdoors has licensed its "Googan Squad" mark, a mark affixed to the infringing fish pliers with a heart-shaped opening (See Exhibit 5), to Defendant Mystery. Upon information and belief, pursuant to the license agreement between Defendant House and Defendant Mystery, Defendant House has the right and the ability to control Defendant Mystery and derives direct financial benefit from Defendant Mystery's infringement. Defendant House is therefore vicariously liable for the Federal Unfair Competition and False Designation as described in this section.

77.     Defendant House is vicariously liable for Defendant Mystery's unauthorized marketing and sale of its digital scale with attached pliers having a heart shaped opening in interstate commerce constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendant Mystery's products as originating from or connected with UPM and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendant House and its licensee/distributor, Defendant Mystery, as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition. Defendant House is vicariously liable for these actions.

78.     As a direct and proximate result of Defendant House's licensee/distributor Defendant Mystery's unfair competition, UPM has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and upon information and belief, both defendants have and will continue to unfairly acquire income, profits, and goodwill.

79.     Defendant House's licensee/distributor Defendant Mystery's acts of unfair competition, which Defendant House is vicariously liable for, will cause further irreparable injury to UPM if Defendant House and its licensee/distributor Defendant Mystery, is not restrained by

this Court from further violation of UPM's rights. UPM has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, UPM respectfully requests that this Court enter an Order granting it the following relief:

A.    Entering a judgment that UPM's registered fish pliers with a heart-shaped opening trademark has been and continues to be infringed by Defendant Mystery in violation of 15 U.S.C. § 1114(1);

B.    Entering a judgment that Defendant Mystery's use of its fish pliers with a heart-shaped opening in commerce constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C.    Permanently enjoining and restraining defendants and each of their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from marketing, advertising, distributing, or selling products that would create a likelihood of confusion, mistake or deception with UPM's stylized pliers with a heart-shaped opening mark;

D.    Pursuant to LA. Rev. Stat § 51:223.1, entering a preliminary injunction, and granting permanent injunctive relief against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants from any and all acts which may injure UPM's business reputation or dilute the distinctive character of UPM's fish handling plier design trade dress and marks;

E.    Pursuant to La. Rev. Stat. §§ 51:1407 and/or 51:1408, entering a preliminary injunction, and granting permanent injunctive relief against defendants, their agents,

representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin defendants from further unfair methods of competition, and unfair and deceptive acts or practices with respect to UPM;

F.    Pursuant to 15 U.S.C. § 1116(a), directing defendants to file with the Court and serve on UPM within [thirty (30) days] after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

G.    Pursuant to 15 U.S.C. § 1118, requiring that defendants and all others acting under defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

H.    Awarding UPM all damages it sustained as the result of defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I.    Awarding UPM all profits received by defendants from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

J.    Ordering defendants to pay the actual and treble damages suffered by UPM as a result of Defendant Mystery's unfair methods of competition, and unfair and deceptive acts and practices pursuant to La. Rev. Stat. § 51:1409;

K.    Awarding UPM its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

L.    Ordering defendants to pay to UPM its reasonable attorney's fees and the costs of this action, pursuant to La. Rev. Stat. § 51:1409, and;

M.      Granting UPM such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 23rd day of May, 2023.

Respectfully submitted,

/s/ Gregory D. Latham
Gregory D. Latham, LA Bar No. 25955
Stephen M. Kepper, LA Bar No. 34618
INTELLECTUAL PROPERTY CONSULTING, LLC
400 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
glatham@iplawconsulting.com
skepper@iplawconsulting.com


/s/ Thomas S. Keaty
Thomas S. Keaty, LA Bar No. (#7666)
KEATY LAW FIRM
365 Canal Street, Suite 2410
New Orleans, LA 70130
Telephone: (504) 524-2100
Facsimile: (504) 524-2105
tskeaty@keatypatentfirm.com

*Attorneys for United Plastic Molders, Inc.*
